]UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **JAMES M. MURPHY,**<br><br>Plaintiff,<br><br>v.<br><br>**TROY E. MEINK,** *et al.*,<br><br>Defendants. | Case No. 1:25-cv-03892 (TNM) |

**<u>MEMORANDUM OPINION</u>**

Days after another judge in this district granted summary judgment against Dr. James

Murphy, he filed this lawsuit raising similar claims.  Murphy is upset that U.S. Air Force

officials disclosed derogatory information from his past as an Air Force physician to his new

employer, causing him to lose his job.  The first judge found his claim untenable.  Now, Murphy

adds two new defendants and re-works his allegations.  But his claims are the same and he does

not get another bite at the apple.  So the Court will grant the Air Force's dismissal motion.

**I.**

Dr. Murphy once worked as an Air Force physician.  *See* Compl. at 12, ECF No. 1.  More

recently, he worked at an Army medical center.  *See id.* at 2–3.  He lost that last job after Air

Force personnel told his employer that he had sexually assaulted a patient while working for the

Air Force.  *See id.*  Murphy denied the assault and claims that the Air Force violated the Privacy

Act by telling his employer about the assault.  *See id.* at 27–33; *see also* Pl.'s Opp'n to Mot. to

Dismiss ("Pl.'s Opp'n") at 4–5, ECF No. 10.

In 2017, Murphy first sued the Air Force for violating the Privacy Act.  *See Murphy v.*

*Dep't of the Air Force*, No. 17-cv-1911 (D.D.C.).  That suit ended when Judge Reyes granted

summary judgment to the Air Force. *See Murphy v. Dep't of the Air Force* ("*Murphy I*"), No. 1:17-cv-1911 (ACR), 2025 WL 2926427, at *8 (D.D.C. Oct. 15, 2025). Murphy's appeal from that decision is pending. *See* Notice of Appeal, ECF No. 130, No. 17-cv-1911 (D.D.C. Nov. 24, 2025).

Simultaneously, Murphy decided to try his luck with a new suit—the proceeding at issue here. His Complaint presents the same facts that gave rise to his first suit with some new trappings. *See* Compl. at 2–9, 12–27. Murphy brings a claim for violation of Title VII of the Civil Rights Act, alongside the Privacy Act claim Judge Reyes rejected. *See id.* at 32–33. The new claim comes with two more defendants—Secretary of Defense Pete Hegseth and Secretary of the Air Force Troy Meink—in addition to the Air Force (collectively, "the Air Force"). *Id.* at 1. The Air Force seeks dismissal, primarily arguing that claim preclusion bars the suit. Mot. to Dismiss, ECF No. 8. That motion is now ripe.[1]

## II.

A complaint survives a Rule 12(b)(6) challenge only if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). The Court "treat[s] the complaint's factual allegations as true and must grant the plaintiff[] the benefit of all inferences that can be derived from the facts alleged." *Xia v. Tillerson*, 865 F.3d 643, 649 (D.C. Cir. 2017) (cleaned up). But the Court need not accept the truth of legal conclusions or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

Because Murphy proceeds without counsel, the Court affords him some latitude. Complaints from pro se plaintiffs are held "to less stringent standards than formal pleadings

---

[1] The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, "[c]ourts must construe pro se filings liberally." *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999). More, courts assess a pro se complaint "in light of all filings, including filings responsive to a motion to dismiss." *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (cleaned up). But even a pro se party must comply with the Federal Rules of Civil Procedure. *Wonders v. Dep't of the Army Off. of Gen. Couns.*, 749 F. Supp. 3d 122, 129 (D.D.C. 2024).

The Air Force argues that claim preclusion bars this suit. "*Res judicata* may be raised in a 12(b)(6) motion to dismiss for failure to state a claim when the defense appears on the face of the complaint and any materials of which the court may take judicial notice." *Middleton v. Dep't of Lab.*, 318 F. Supp. 3d 81, 86 (D.D.C. 2018) (cleaned up). The Court can, and will, judicially notice records from Murphy's last suit. *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

### III.

The Court will dismiss the Complaint. Murphy's failure to engage with the Air Force's arguments alone requires dismissal. "[W]hen a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, the court may treat those arguments that the plaintiff failed to address as conceded." *Dawn J. Bennett Holding, LLC v. FedEx TechConnect, Inc.*, 217 F. Supp. 3d 79, 82 (D.D.C. 2016), *aff'd*, No. 16-7144, 2017 WL 2373115 (D.C. Cir. Apr. 4, 2017). The Court will do so here. The Air Force offers three arguments supporting dismissal. Claim preclusion, the Air Force argues, bars both the Title VII and the Privacy Act claims. Mot. to Dismiss at 15–18. The Air Force also offers another independent ground for each claim—failure to exhaust the former and issue preclusion for the latter. *Id.* at 17, 18–20. Murphy's opposition does not engage with any of these arguments.

That silence operates as a concession and alone requires dismissal.  *See, e.g.*, *Dawn J. Bennett Holding*, 217 F. Supp. 3d at 83.

More, even without Murphy's concessions, at least claim preclusion would require dismissal.  "Under the doctrine of res judicata, or claim preclusion, a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction."  *Porter v. Shah*, 606 F.3d 809, 813 (D.C. Cir. 2010) (cleaned up).  Each requirement exists here.

*First*, Murphy's claims are the "same" for preclusion purposes.  *Id.* at 813.  Claims litigated in the prior suit satisfy this requirement, but so do new claims that "could have been raised."  *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (cleaned up).  Murphy's Privacy Act claim is identical to the one Judge Reyes rejected.  *See* Mot. to Dismiss at 16; *compare* Compl. at 28–32, *with Murphy I*, 2025 WL 2926427, at *5–6.  And though his Title VII claim is new, *see* Compl. at 32–33, it "could have been raised" in the past lawsuit because it shares a "nucleus of facts" with the Privacy Act claim.  *Drake*, 291 F.3d at 66.  Each arises from the Air Force's disclosure of his misconduct.  Pl.'s Opp'n at 4–6; *see also, e.g.*, Compl. at 32 (incorporating the Privacy Act claim into the Title VII claim).  With those shared facts, the Title VII claim and the Privacy Act claim would have "form[ed] a convenient trial unit."  *Stanton v. D.C. Ct. of Appeals*, 127 F.3d 72, 78 (D.C. Cir. 1997) (cleaned up).  So the first requirement is met.

*Second*, the parties are the "same . . . . or their privies."  *Porter*, 606 F.3d at 813.  Murphy and the Air Force appear in both suits.  *Compare* Pl.'s Opp'n at 4, *with Murphy I*, 2025 WL 2926427, at *1.  The Secretaries are new defendants, but "the government, its officers, and its agencies are regarded as being in privity for claim-preclusive purposes."  *Sczygelski v. U.S. Off.*

4

*of Special Couns.*, 926 F. Supp. 2d 238, 244 (D.D.C. 2013) (cleaned up); *cf. Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402–03 (1940) ("[A] judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government."). The second requirement, then, is also met.

*Third*, a "final, valid judgment on the merits" ended the last case. *Porter*, 606 F.3d at 813. Judge Reyes granted summary judgment to the Air Force. *See Murphy I*, 2025 WL 2926427, at *8. Murphy has appealed that decision, but "[a]n order is final for res judicata purposes even though it is pending on appeal." *El-Amin v. Virgilio*, 251 F. Supp. 3d 208, 211 (D.D.C. 2017) (cleaned up).

*Fourth*, the *Murphy I* court had jurisdiction over the suit. *See Porter*, 606 F.3d at 813. Murphy's first case, like this one, raised federal questions over which the court had subject matter jurisdiction. *See* 28 U.S.C. § 1331. Nor was there any argument in the prior suit over any other jurisdictional requirement.

Because each claim preclusion requirement is met, the Air Force wins dismissal.

**IV.**

Murphy's remedy for losing in his last suit was a timely appeal—not a second lawsuit. *See Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981).  Claim preclusion prevents litigants from embarking on endless rounds of litigation.  Because Murphy has already had a full and fair opportunity to litigate his claim, the Court will grant the Air Force's dismissal motion.[2]  A separate order will issue.

Dated: May 29, 2026                                          TREVOR N. McFADDEN, U.S.D.J.

---

[2]  In a document styled as "proof of service: response memorandum," Murphy shared that he "intends to petition this Court to *proceed in forma pauperis* with *appoint* [sic] *of counsel* in this matter, unless a referral to ADR is achieved . . . ."  ECF No. 6 at 2.  Murphy paid the filing fee and never requested appointed counsel.  To the extent that Murphy's reference to "ADR" is a request to refer the case to mediation, the Court denies it as moot.  *See* Mot. for Mediation, ECF No. 7.